```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARKS & SOKOLOV, LLC,          :
et al.,                        :      CIVIL ACTION
                               :      NO. 21-04965
          Plaintiffs,          :
      v.                       :
                               :
MARCIE R. McMINIMEE,           :
CONSERVATOR FOR JACK           :
J. GRYNBERG, et al.,           :
                               :
          Defendants.          :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          March 17, 2022


## I.    INTRODUCTION

Presently before the Court is a motion to remand filed by

Plaintiffs Bruce Marks and law firm Marks & Sokolov, LLC

(collectively "Plaintiffs"). Plaintiffs previously represented

decedent Jack J. Grynberg. Additionally, a motion to dismiss or,

in the alternative, stay filed by Defendant Marcie R. McMinimee,

suing in her capacity as the conservator for Jack J. Grynberg

and the Special Administrator of Grynberg's estate, and

Defendant the estate of Jack J. Grynberg (collectively

"Defendants") is also ripe before the Court.

II.   **BACKGROUND**[1]

   A.   **Grynberg Retains Plaintiffs**

   Plaintiffs, and other unrelated attorneys, represented

Grynberg from 2016-2019 in suits between Grynberg and his family

over the control of a Texas corporation. Grynberg was over 84

years old at the time and, according to Defendants, suffered

from frontotemporal dementia. Defendants maintain that Grynberg

attempted to transfer $100 million from bank accounts of a

company owned by his wife and three children to a scam artist.

Grynberg's family then took emergency steps to restrict his

access to company assets. According to Defendants, Plaintiffs

then exerted undue influence over Grynberg so Grynberg would

retain Plaintiffs to initiate a lawsuit against Grynberg's

family. Plaintiffs deny Defendants' assertions.

   Marcie R. McMinimee, Esq. was subsequently appointed as the

conservator for Grynberg. McMinimee conducted an investigation

that purportedly revealed that Plaintiffs, along with another

Colorado attorney, exerted undue influence over Grynberg.

Plaintiffs purportedly received over $7.7 million from Grynberg

as a result. Plaintiffs deny the allegations of undue influence.

Defendants then filed a professional liability suit against

---

[1]   The facts are largely taken from the Court's previous order
denying Plaintiffs' motion for preliminary injunction. See Marks
& Sokolov, LLC v. McMinimee, __ F. Supp. 3d __, 2021 WL 5407765
(E.D. Pa. Nov. 19, 2021).

Plaintiffs and the other attorney that Grynberg had retained in

Colorado (the "Colorado Action").[2] In the Colorado Action,

Defendants allege that Plaintiffs committed professional

negligence and breached their fiduciary duties to Grynberg, who

has since passed away.

**B.    Grynberg's Engagement with Plaintiffs**

When Grynberg retained Plaintiffs as counsel, Grynberg

never personally paid legal fees to Plaintiffs. Plaintiffs'

legal fees were paid by the companies he had an interest in—

Pricaspian Development Corporation, Gadeco, and CCG. However,

Grynberg did sign an engagement letter with Plaintiffs (the

"Engagement Letter"). The Engagement Letter included a Dispute

Resolution Clause that provided that any dispute arising from

Plaintiffs and Grynberg's relationship would be subject to the

exclusive jurisdiction of the State Courts of the Commonwealth

of Pennsylvania or the Federal District Court for the Eastern

District of Pennsylvania (the "Dispute Resolution Clause" or the

"forum-selection clause").

After the Colorado Action was filed, Plaintiffs filed suit

in the Court of Common Pleas in Montgomery County, Pennsylvania

against Defendants alleging that the Colorado Action was filed

---

2    The caption of the Colorado state court action is: In the
Interest of Jack J. Grynberg, Case No. 2019PR31052, Division 204
(District Court, County of Arapahoe, Colorado, September 30,
2021).

in violation of the Dispute Resolution Clause in the Engagement

Letter, and requesting a declaration that Grynberg did not

personally pay any attorneys' fees to Plaintiffs.

Plaintiffs' underlying complaint specifically seeks the

following forms of relief:

> Count I – Specific Performance . . . for an order that
> Defendants may only bring claims in the Commonwealth of
> Pennsylvania or the Federal District Court in the
> Eastern District of Pennsylvania consistent with the
> obligations under the Engagement Letter;
>
> Count II – Declaratory Judgment/Statute of Limitations
> on the ground that Pennsylvania's two-year statute of
> limitations (42 PA.C.S.A. §5524) bars negligence and
> breach of fiduciary duty claims;
>
> Count III – Declaratory Judgment/No Standing on the
> ground that Grynberg personally paid no attorneys' fees
> to Plaintiffs;
>
> Count IV – Declaratory Judgment/Quantum Meruit, Unjust
> Enrichment on the ground that Grynberg provided no
> services to Plaintiffs for a quantum meruit claim and
> made no payments personally to Plaintiffs for an unjust
> enrichment claim; and
>
> Count V – Special/Preliminary and Permanent Injunction
> under Pa. R. Civ. P. 1531 to prevent Defendants from
> interfering in Plaintiffs' prosecution

Pl.'s Mot. to Remand at 24, ECF No. 24 (citing Compl. ¶¶ 149 –

172). On November 5, 2021, the Court of Common Pleas issued an

emergency preliminary injunction order enjoining Defendants from

interfering with Plaintiffs' rights under the Engagement Letter.

On November 10, 2021, Defendants removed the action to federal

court.

On November 12, 2021, after a telephone conference with counsel, the Court entered a temporary restraining order (the "TRO") that provided that "Defendants will not seek any relief in the Colorado state court action that would interfere with or affect this Court's jurisdiction, and Defendants will not seek any relief in the Colorado state court action that would interfere with or affect the status quo in the present action." Ord. at ECF No. 12. After a hearing on the record, the Court denied Plaintiffs' request for a preliminary injunction and an extension of the TRO. The TRO expired on November 19, 2021.

Plaintiffs have since moved to remand the action to the Court of Common Pleas in Montgomery County, and Defendants have moved to dismiss or, in the alternative, stay the action. On January 5, 2022, the Court ordered supplemental briefing on these issues. The parties' motions are now ripe before the Court.

## C.    Status of the Colorado Action

On December 2, 2021, Plaintiffs filed a motion to dismiss in the Colorado case (in which they are the defendants), arguing that the Colorado probate court, rather than the Colorado district court, has jurisdiction over the matter. On the same day, Plaintiffs also filed a motion to dismiss the Colorado action for failure to state a claim. In that case, Plaintiffs argue, in part, that attorneys' fees cannot be recovered as

5

damages because Grynberg's fees were paid pursuant to an

indemnity provision and that Defendants' unjust enrichment claim

is duplicative of the legal malpractice claim.

On December 12, 2021, Plaintiffs also filed a motion in the

Colorado Action requesting the Colorado court stay the case in

favor of this action, or in the alternative, enforce the forum-

selection clause in the Engagement Letter. The parties to the

Colorado Action have since requested that the Colorado court

hold in abeyance all substantive rulings pending the Colorado

court's determination of whether the Colorado district court is

the proper court to adjudicate the pending Colorado case.

## III. LEGAL STANDARD

### A. Motion to Remand

The Court may exercise diversity jurisdiction over cases

"where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between . . .

citizens of different States." 28 U.S.C. § 1332(a). A civil

action brought in a state court may be removed to the district

court in the district where the state action is pending if the

district court had original jurisdiction over the case. Id. §

1441(a).

Because federal courts are courts of limited jurisdiction,

28 U.S.C. § 1441 is to be strictly construed against removal. La

Chemise Lacoste v. Alligator Co., 506 F.2d 339, 344 (3d Cir.

1974). And "[i]f at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the

case shall be remanded." 28 U.S.C. § 1447(c). A motion to remand

is evaluated under the "same analytical approach" as a Rule

12(b)(1) motion challenging subject matter jurisdiction. See

Papp v. Fore-Kast Sales Co., 842 F.3d 805, 811 (3d Cir. 2016).

**B. Motion to Dismiss**

A party may move to dismiss a complaint for failure to

state a claim. Fed. R. Civ. P. 12(b)(6). When reviewing such a

motion, the Court is "required to accept as true all allegations

in the complaint and all reasonable inferences that can be drawn

from [the allegations] after construing them in the light most

favorable to the non-movant." Conard v. Pa. State Police, 902

F.3d 178, 182 (3d Cir. 2018) (quoting Jordan v. Fox, Rothschild,

O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994)).

However, "the tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to

legal conclusions. Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not

suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To

survive a motion to dismiss for failure to state a claim, a

complaint must "contain sufficient factual matter, accepted as

7

true, to 'state a claim to relief that is plausible on its

face.'" Id. (quoting Twombly, 550 U.S. at 570).

**IV.   DISCUSSION**

Plaintiffs argue that the Court should remand the case for

the following reasons: (A) the Court cannot maintain diversity

jurisdiction over this action because the amount in controversy

requirement is not satisfied, (B) the forum-selection clause

requires the Court to remand the case, and (C) the Court should

decline exercise jurisdiction pursuant to Colorado River Water

Conservation Dist. v. U.S., 424 U.S. 80 (1976). These arguments

will be addressed in turn.

**A.   Diversity Jurisdiction: Amount in Controversy**

Plaintiffs first argue that because this action involves

nonmonetary relief, the amount in controversy does not exceed

$75,000, and so the Court cannot maintain diversity jurisdiction

over this action. Pursuant to 28 U.S.C. 1446(c)(2):

> (2) If removal of a civil action is sought on the basis of
> the jurisdiction conferred by section 1332(a), the sum
> demanded in good faith in the initial pleading shall be
> deemed to be the amount in controversy, except that—
>
> > (A) the notice of removal may assert the amount in
> > controversy if the initial pleading seeks—
> >
> > > (i) nonmonetary relief;

In the notice of removal, Defendants pleaded that the

amount in controversy exceeds $75,000. Plaintiffs argue that the

8

Court should not accept this as fact because Plaintiffs contest

this amount. See Dart Cherokee Basin Operating Co., LLC v.

Owens, 574 U.S. 81, 87-88 (2014) (the "amount-in-controversy

allegation should be accepted [only] when not contested by the

plaintiff or questioned by the court."). When a plaintiff

contests the alleged amount-in-controversy, "both sides submit

proof and the court decides, by a preponderance of the evidence,

whether the amount-in-controversy requirement has been

satisfied." Id. at 82 (citing 28 U.S.C. § 1446(c)(2)(B)).

        Defendants argue that because this case involves

nonmonetary relief, "the amount in controversy . . . is measured

by the value of the object of the litigation." Auto-Owners Ins.

Co. v. Stevens & Ricci Inc., 835 F.3d 388, 398 (3d Cir. 2016)

(quoting Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333,

347 (1977)). When determining the object of the litigation,

courts should consider "a reasonable reading of the value of the

rights being litigated," Angus v. Shiley Inc., 989 F.2d 142, 146

(3d Cir. 1993), without considering success on the merits. Vives

v. Rodriguez, 849 F. Supp. 2d 507, 513 (E.D. Pa. 2012).

        In this action, Plaintiffs seek, among other forms of

relief, a declaration that Grynberg personally paid no

attorneys' fees to plaintiffs (Count III), and a declaration

that Grynberg made no payments to Plaintiffs that would form the

basis of a claim for unjust enrichment or quantum meruit. Compl.

¶¶ 162-172. Plaintiffs contend that Pricaspian Development
Corporation and other companies previously controlled by
Grynberg indemnified Grynberg for his attorneys' fees, so that
Grynberg's estate is not entitled to recover the amount of
attorneys' fees paid to Plaintiffs. To the contrary, Defendants
contend that Grynberg, or companies controlled by Grynberg, had
wrongfully paid attorneys' fees in an amount over $7.7 million
to Plaintiffs.

Plaintiffs concede in their reply brief that "the 'object
of the litigation' would be the amount of legal fees by Grynberg
if he had paid them." Def. Prop. Reply. at 5, ECF No. 45-1.
Plaintiffs confuse the amount in controversy requirement for
removal with the merits of the case. The "object of the
litigation" is whether Plaintiffs are entitled to a declaration
that Grynberg did not personally pay the $7.7 million to
Plaintiffs so that Defendants may not pursue a claim against
Plaintiffs to recover that amount. Thus, under Plaintiffs' own
theory, $7.7 million is the "value of the rights being
litigated." Angus, 989 F.2d at 146.[3]

---

[3]     Plaintiffs suggest that the Court should hold an
evidentiary hearing on the issue of whether Grynberg's companies
indemnified Grynberg. Here, there is no need for the Court to do
so. The overall amount of the dispute of $7.7 million is not at
issue. What is at issue is the entitlement to the $7.7 million.

Under the circumstances, Defendants have satisfied the

requirements of section 1446 with their removal notice as the

amount in controversy exceeds $75,000, exclusive of interests

and costs.[4]

### B.     Forum-Selection Clause

Defendants argue that because the forum-selection clause in

the Engagement Letter is presumptively valid, the "exclusive

jurisdiction" of the Court of Common Pleas attached when

Plaintiffs filed the case in Pennsylvania state court. As noted,

Plaintiffs' motion to enforce the forum-selection clause is

pending before the Colorado court, so it is premature for the

Court to consider whether to remand the action based on the

supposed enforceability of the forum-selection clause.[5]

---

[4]     Plaintiffs additionally argue that the amount-in-
controversy does not exceed the $75,000 threshold because all
legal fees were paid to Plaintiff prior to April 2019.
Plaintiffs contend that this triggers the applicable two-year
statute of limitations for legal malpractice claims pursuant 42
PA.C.S.A. § 5524. However, Defendants brought their legal
malpractice claim in Colorado state court and presumed Colorado
law would apply. Plaintiffs' argument appears to be premised on
the existence of a choice-of-law clause in the Engagement
Letter, which provides that Pennsylvania law will apply. At this
point, it is premature for the Court to find that the choice-of-
law clause controls as the parties may raise this issue with the
Colorado court. See Marks & Sokolov, LLC, 2021 WL 5407765, at *6
n.7.

[5]     The Court notes that the Colorado court will decide
Plaintiffs' motion to dismiss the Colorado case for lack of
subject matter jurisdiction first. In the event the Colorado

### C.    Whether to Exercise Jurisdiction and <u>Colorado River</u>

Plaintiffs finally argue that the Court should abstain from exercising jurisdiction over this action. "A federal district court's discretion to decline jurisdiction depends on whether the complaint seeks legal or declaratory relief." <u>Rarick v. Federated Serv. Ins. Co.</u>, 852 F.3d 223, 227 (3d Cir. 2017). If "an action seeks declaratory relief . . . federal courts may decline jurisdiction under the Declaratory Judgment Act." <u>Id.</u> (citing 28 U.S.C. § 2201(a)). "Rather than being subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction,' district courts exercising DJA discretion are governed by 'considerations of practicality and wise judicial administration.'" <u>Reifer v. Westport Ins. Corp.</u>, 751 F.3d 129, 139 (3d Cir. 2014) (quoting <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 288 (1995)).

"When a complaint contains claims for both legal and declaratory relief," as is the case here, "a district court must determine whether the legal claims are independent of the declaratory claims. If the legal claims are independent, the court has a 'virtually unflagging obligation' to hear those claims" subject to circumstances set forth in <u>Colorado River</u>

---

court declines to decide Plaintiffs' motion to enforce the forum-selection clause, the parties shall promptly inform this Court.

Water Conservation Dist. v. U.S., 424 U.S. 80 (1976). Rarick,

852 F.3d at 229. However, "[i]f the legal claims are dependent

on the declaratory claims . . . the court retains discretion to

decline jurisdiction of the entire action, consistent with our

decision in [Reifer]." Id.

The parties here agree that the Complaint contains claims

for legal relief (Counts I and V) and independent claims for

declaratory relief (Counts II, III, IV). The parties also agree

that if the Court declines to rule on Plaintiffs' motion to

dismiss the claims for legal relief, Counts I and V of

Plaintiffs' complaint, the Court should apply the Colorado River

doctrine. Because the Court declines to dismiss Counts I and V

at this point,[6] the Court will apply the Colorado River

doctrine.[7]

Colorado River provides that "[a]bdication of the

obligation to decide cases can be justified under this doctrine

only in the exceptional circumstances where the order to the

parties to [remand] to the state court would clearly serve an

---

[6]    As noted below, Defendants have moved to dismiss Counts I
and V of Plaintiffs' complaint. However, this Court will take
Defendants' motion to dismiss under advisement pending the
resolution of the pending motions in the Colorado court. See
infra note 8.

[7]    Regardless, application of the Reifer factors would lead to
the same result.

important countervailing interest." 424 U.S. at 813 (emphasis

added) (alteration in original). Plaintiffs argue that the

"exceptional circumstances," outlined below, weigh in favor of

remanding the action to the Court of Common Pleas in Montgomery

County, Pennsylvania.

Plaintiffs argue that because a parallel proceeding is

ongoing in Colorado state court, "the Colorado River doctrine

allows a federal court to abstain, either by staying or

dismissing a pending federal action . . . ." Nationwide Mut.

Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d

Cir. 2009); see Moses H. Cone Memo. Hosp. v. Mercury Constr.

Corp., 460 U.S. 1, 19 (1983) (reviewing a district court's

decision to stay under Colorado River). A parallel proceeding

occurs when "all the matters in controversy between the parties

could be fully adjudicated. . . ." Brillhart v. Excess Ins. Co.

of Am., 316 U.S. 491, 495 (1942). There generally must be a

"substantial similarity in issues and parties." Kelly v. Maxum

Specialty Ins. Grp., 868 F.3d 274, 284 (3d Cir. 2017).

Plaintiffs, in their supplemental brief, argue that this action

only seeks to adjudicate a narrow set of issues, so the cases

are not truly parallel. However, as the ultimate issue here is

also before the Colorado court, i.e., whether Defendants are

entitled to recover the attorneys' fees paid to Plaintiffs, the

Colorado Action is undoubtedly parallel. Thus, the Court will

consider whether the "exceptional circumstances" weigh in favor

of remanding the action to the Court of Common Pleas in

Montgomery County or staying the action.

The "exceptional circumstances" for the Court to consider

are as follows:

> (1) [in an in rem case,] which court first assumed
> jurisdiction over [the] property; (2) the inconvenience
> of the federal forum; (3) the desirability of avoiding
> piecemeal litigation; (4) the order in which
> jurisdiction was obtained; (5) whether federal or state
> law controls; and (6) whether the state court will
> adequately protect the interests of the parties.

Nationwide, 571 F.3d at 308 (citing Spring Cty. Corp. v.

American Bldgs. Co., 193 F.3d 165, 171 (3d Cir. 1999))

(alterations in original). "No one factor is determinative; a

carefully considered judgment taking into account both the

obligation to exercise jurisdiction and the combination of

factors counseling against that exercise is required." Id.

(quoting Colorado River, 424 U.S. at 818-19).

The first factor does not apply as this is not an in rem

case. The second factor, the inconvenience of the federal forum,

is also neutral. Plaintiffs are located in Pennsylvania while

Defendants are located in Colorado, so one of the two parties

will be inconvenienced regardless of where the litigation

progresses.

15

"The third factor, the desirability of avoiding piecemeal
litigation, was '[b]y far the most important factor' in
the Colorado River decision itself.'" Id. (quoting Moses H.
Cone, 460 U.S. at 16). "[E]ven though it is important to prevent
'piecemeal litigation,' a stay is appropriate only when there is
a 'strong federal policy against [such] litigation.'" Spring
Cty. Corp., 193 F.3d at 172 (quoting Ryan v. Johnson, 115 F.3d
193, 197 (3d Cir. 1997)). Plaintiffs argue that because the
Engagement Letter includes a forum-selection clause, and because
federal policy supports enforcing forum-selection clauses, a
stay is not appropriate, and the case should instead be remanded
to Montgomery County. However, as the issue of the
enforceability of the forum-selection clause is still before the
Colorado court, it would be premature for this Court to consider
the enforceability of the forum-selection clause in this
analysis.

Here, the Court will consider "the need to conserve
judicial resources and avoid duplicative litigation." Cohen v.
Twp. Of Cheltenham, Pa., 174 F. Supp. 2d 307, 319 (E.D. Pa.
2001). If the Court were to remand this case to the Court of
Common Pleas in Montgomery County, the case would proceed on
dual tracks in the Pennsylvania and Colorado state courts.
Rather, staying the case while the Colorado court adjudicates
Plaintiffs' pending motions will provide needed guidance for

16

this action, i.e. regarding whether the Engagement Letter is enforceable, and help to avoid piecemeal litigation going forward. Thus, this factor weighs in favor of staying, rather than remanding, the action.

The fourth factor, the order in which jurisdiction was obtained, also favors staying the action. Defendants filed the Colorado action on September 30, 2021, more than a month before Plaintiffs filed this action in the Court of Common Pleas in Montgomery County. However, "we must consider more than which action was filed first," including "[t]he comparative progress made in the state case[]." Nationwide, 571 F.3d at 309. As Plaintiffs' motion to enforce the forum-selection clause is currently pending before the Colorado court, that court is better positioned to consider the issue in the first instance. Thus, this factor favors staying the action, rather than remanding the action.

The fifth factor, whether federal or state law controls, remains neutral. Either Pennsylvania or Colorado law will govern this action. Plaintiffs argue that Pennsylvania law should apply because of the existence of a choice-of-law clause in the Engagement Letter. However, it is premature, at this point, to determine that the choice-of-law clause in the Engagement Letter is enforceable, given that the enforceability of the Engagement

17

Letter itself has not yet been decided. See Marks & Sokolov,

LLC, 2021 WL 5407765, at *6 n. 7; see also supra note 4.

Finally, the sixth factor, whether the state court will

adequately protect the interests of the parties, weighs in favor

of staying the case. As we have previously held, there is "no

evidence that the Colorado court cannot fairly and properly

address" the issue of the forum-selection clause. Marks &

Sokolov, LLC, 2021 WL 5407765, at *6.

Thus, the relevant factors weigh in favor of staying,

rather than remanding, this action. Accordingly, the Court will

temporarily stay the action pending the Colorado court's

adjudication of Plaintiffs' motion to enforce the forum-

selection clause. In the interim, the Court will take

Defendants' motion to dismiss under advisement.[8]

---

[8]    Defendants have brought a motion to dismiss Counts I and V
of Plaintiffs' Complaint. Claim I seeks "Specific Performance .
. . for an order that Defendants may only bring claims in the
Commonwealth of Pennsylvania or the Federal District Court in
the Eastern District of Pennsylvania consistent with the
obligations under the Engagement Letter." Pl.'s Mot. to Remand
at 24, ECF No. 24. Claim V seeks a "Special/Preliminary and
Permanent Injunction under Pa. R. Civ. P. 1531 to prevent
Defendants from interfering in Plaintiffs' prosecution." Id.
Defendants ask the Court to dismiss these claims because the
requested relief is precluded by the Anti-Injunction Act.
Because Plaintiffs' motion to enforce the forum-selection clause
is currently pending before the Colorado court, the Court will
take this motion under advisement in the interim.
      Defendants also argue that the Court should dismiss the
case against Defendants for lack of personal jurisdiction.
Defendants acknowledge that Grynberg may have consented to this

**V. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand will be denied, the Court will temporarily stay this action, and Defendants' motion to dismiss will be taken under advisement. An appropriate order follows.

---

Court's jurisdiction by agreeing to a forum-selection clause in the Engagement Letter. For the same reasons, this argument will be taken under advisement.